PRECAST TILT-UP CONSTRUCTION, INC., Plaintiff and Appellee, *v.* ADELAIDA GONZÁLEZ MENCHACA, Defendant, Third-party Plaintiff and Appellant; ALBERTO H. GARCÍA, Third-party Defendant.

No. 12774.   Decided October 1, 1962.

*J. Mejías Santana* for appellant.   *Canales & Segarra* and *José F. Quetglas Alvarez* for appellee.   *Carmelo Avila Medina* for third-party defendant.

---

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM.

The corporation Precast Tilt-Up Construction, Inc., sued Adelaida González Menchaca in the Superior Court, San Juan Part, to recover the sum of $3,358.06 which the latter owed plaintiff for the work of installing some pre-cast beams in a building belonging to defendant.

Defendant appeared at the hearing and moved that Alberto H. García, who was the person in charge of the work mentioned in the complaint, be joined as third-party defendant, which was granted. She answered the complaint alleging that she owed nothing to the plaintiff and filed a counterclaim against said corporation and sued the third-party defendant Alberto H. García for the sum of $20,000 on the ground that both, in the execution of certain work in her property, acting jointly, performed said work "defectively, not suitable for the use agreed upon and in open violation of the drawings approved and of the construction permit issued to defendant."

Plaintiff answered the counterclaim denying its averments. The third-party defendant answered the complaint filed against him denying the averments contained therein and filed a counterclaim against Mrs. González Menchaca on the ground that "the allegations of defendant" had discredited him and caused him moral damages. That counterclaim was answered with a general denial of its allegations.

The case went to trial. Abundant oral and documentary evidence was introduced. On June 22, 1956 judgment was rendered granting the complaint and dismissing: the third-party complaint, the counterclaim filed by Mrs. González Menchaca against the plaintiff, and the counterclaim of García against her. No attorney's fees were awarded.

Because of the relative brevity of the findings and conclusions of the trial court, we copy them below as follows:

"FINDINGS OF FACT.—That Adelaida González Menchaca and the Pre Cast Tilt-Up Construction, Inc., the latter through its directors and/or agents, entered into a contract on August 18, 1954, by virtue of which Pre Cast Tilt-Up Construction, Inc., was bound to instal certain beams of the kind known as 'Flexicore' which were to serve as the roof of the second story and the floor of the third story of a building under reconstruction at 263 San Francisco Street, San Juan, Puerto Rico, belonging to Adelaida González Menchaca.

"Pursuant to this contract, defendant, Adelaida González Menchaca would pay to Pre Cast Tilt-Up Construction, Inc., the cost of the beams, plus an additional fee of 5% of the total amount spent weekly, plus an additional ten per cent benefit, the latter to be computed on the entire sum of the expenses.

"In said contract Adelaida González Menchaca was advised by her relative Luis Trigo, an attorney at law; the contract was signed by a representative of Pre Cast Tilt-Up Construction, Inc., Adelaida González Menchaca, and Mr. Luis E. Trigo and Alberto García, as witnesses.

"Pre Cast Tilt-Up Construction, Inc., executed the work which it was bound to perform under the terms of the contract which it had with the owner of the building. Each and every time that representatives of Pre Cast Tilt-Up Construction, Inc. went to do some work in the building of Adelaida González Menchaca, the latter was in the premises but not so defendant Alberto García.

"All the work performed by Pre Cast Tilt-Up Construction, Inc., was done with the knowledge, consent, and approval of defendant Adelaida González Menchaca.

"The trial court concludes that at the time of the filing of the complaint, defendant Adelaida González Menchaca owed and still owes to Pre Cast Tilt-Up Construction, Inc., the sum of $3,358.06.

"Adelaida González Menchaca executed a contract for services with defendant Alberto García, by virtue of which the latter offered his services to Adelaida González Menchaca in his capacity as master builder for which work he would receive as

he actually did receive, a salary or compensation of $100 weekly. The payment of the workmen's insurance policy made to the State Insurance Fund was made by check directly issued by Adelaida González Menchaca to the Secretary of the Treasury; likewise, each and every one of the payments made for material purchased from the different commercial enterprises were directly made by check issued by Adelaida González Menchaca. At no time did the third-party defendant Alberto García have anything to do with the payment of materials, payment of policies nor payment to workmen on his own account, since according to the evidence admitted and believed by the court, any payment to be made was directly made by check issued by Adelaida González Menchaca.

"If there was any variation in the work in question with the drawings approved by the Permit Bureau of Puerto Rico, said variation was performed on instructions and order of Adelaida González Menchaca; neither Pre Cast Tilt-Up Construction, Inc., nor Alberto García being therefore liable for any variation in the work.

"The court likewise concludes that the work was paralyzed by defendant Adelaida González Menchaca herself by virtue of an order given to that effect to Alberto García and before the Permit Bureau or the Puerto Rico Planning Board ordered such paralyzation. It was not after she had been sued and served with the complaint, that Adelaida González Menchaca went to the Puerto Rico Planning Board to request that the work be inspected to see whether it was according to the drawings approved by said Puerto Rico Planning Board.

"CONCLUSIONS OF LAW.—It is concluded, as a question of law, that Adelaida González Menchaca owes Pre Cast Tilt-Up Construction, Inc. the sum of $3,358.06 at present. It is likewise concluded that Pre Cast Tilt-Up Construction, Inc. is not liable for any damage suffered by Adelaida González Menchaca and that said corporation is not guilty of any negligence whatsoever.

"It is also concluded that Alberto García did not commit any negligence whatsoever, and therefore is not liable for any damage that defendant Adelaida González Menchaca might have suffered; the latter being the only one responsible for any variation appearing in the reconstruction of her building.

"Since Alberto H. García did not prove the facts alleged in his counterclaim, the same is dismissed. Judgment will be entered pursuant to the findings of fact and conclusions of law stated."

Only defendant appealed from the judgment. Her assignment is entitled "Only General Error." It reads thus:

"ONLY GENERAL ERROR.—The trial court committed error in determining as a matter of fact—since there was evidence to the contrary in the record that was not taken into consideration—in detriment to the guarantees contained in the Vth and XIVth Amendments of the United States Constitution and § 7 of the Commonwealth Constitution— AND OF LAW, moved by passion and prejudice, revealed by an open hostility against the appellant, in detriment to the due process of law guaranteed by the aforesaid constitutional texts, that Pre Cast Tilt-Up Construction, Inc. and Alberto H. García were not negligent in the performance of their duties and making appellant responsible, since the variations introduced in the drawings of the work authorized by the Planning Office were due to the consent and authorization of appellant herself, notwithstanding the existence of *uncontrovertible* evidence to the contrary and notwithstanding that the Planning laws are of *public order* — or public policy—and can not be altered by individuals and are directed NOT ONLY AGAINST THE OWNER BUT AGAINST EVERYBODY, including engineers, master builders or mere laborers." (Italics in the original.)

The failure to indicate specific testimonies or definite documentary evidence supporting those general assignments compelled us to canvas the quite lengthy transcript of the evidence sent to us on appeal.

In certain aspects the evidence of both parties seems to be conflicting. But, with sufficient basis on that evidence, the trial judge settled the possible conflicts in favor of plaintiff and the third-party defendant. All the conclusions of the trial court previously copied are sufficiently supported by that evidence. The statements, expressions and gestures of the judge mentioned in the brief do not indicate, nor may

it be inferred therefrom, that there prevailed in the mind or conscience of the judge any passion, prejudice or partiality. Every judge has his own peculiar way of expressing himself. We believe it difficult to establish a uniform standard or pattern of expression which might prove satisfactory to every opinion.

The error was not committed and the judgment appealed from will be affirmed.